# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

TODD ROSS HYATT,

    Plaintiff,

v.

CLARK V. OWENS, *ET AL.*,

    Defendant.

Case No. 25-1171-JWB-BGS

## REPORT & RECOMMENDATION ON *IN FORMA PAUPERIS* APPLICATION, MEMORANDUM & ORDER ON MOTION FOR APPOINTMENT OF COUNSEL and REPORT & RECOMMENDATION FOR DISMISSAL

In his Complaint, Plaintiff Todd Ross Hyatt alleges that the five named Defendants, acting under color of state law violated his Constitutional rights and 42 U.S.C. § 1983. (Doc. 1.) In conjunction with his Complaint, Plaintiff filed an "Application to Proceed in District Court Without Prepaying Fees or Costs" (*In forma Pauperis* or IFP application) (Doc. 3, sealed) and a motion for appointment of counsel (Doc. 4). For the reasons set forth herein, Plaintiff's request for counsel (Doc. 4) is **DENIED**. The undersigned Magistrate Judge also **recommends** to the District Court that Plaintiff's *IFP* application (Doc. 3, sealed) be **DENIED** and that his Complaint (Doc. 1) be **DISMISSED** for failing to state a viable federal cause of action.

### I. Application to Proceed *IFP* (Doc. 3).

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." To succeed on an *IFP* motion, "the movant must show a financial inability to pay the required filing fees." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). Proceeding *IFP* "in a civil case is a privilege, not a right –

fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). The decision to grant or deny *IFP* status under § 1915 lies within the District Court's sound discretion. *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001).

The financial information provided by Plaintiff does not show that he is unable to pay the filing fee. In the interest of keeping Plaintiff's personal finances confidential, the Court will not divulge the specific numbers he has submitted. That stated, the financial information establishes that Plaintiff has a positive net monthly income after accounting for all listed expenses that is considerably higher than that of most *pro se* plaintiffs who move for *IFP* status. (*See generally* Doc. 3, sealed.) All things considered, the information provided by Plaintiff does not establish he is unable to pay the required filing fee. *See, e.g.*, *Otudeko v. Topeka Pub. Sch.*, No. 24-4082-DDC-RES, 2024 WL 5110073, at *1 (D. Kan. Aug. 30, 2024), *report and recommendation adopted*, No. 24-4082-DDC-RES, 2024 WL 5106712 (D. Kan. Dec. 13, 2024) (recommending that the plaintiff's motion to proceed *IFP* be denied); *Young v. Schmidt*, No. 20-1268-EMF-GEB, 2021 WL 7710878, at *2 (D. Kan. Apr. 8, 2021), *report and recommendation adopted,* No. 20-1268-EFM, 2021 WL 7710876 (D. Kan. May 5, 2021) (same); *Martinez Olivares v. Harvestland Constructors Inc.*, No. 24-2191-HLT-ADM, 2024 WL 3071090, at *1 (D. Kan. May 6, 2024), *report and recommendation adopted*, No. 2:24-CV-02191-HLT-ADM, 2024 WL 3066208 (D. Kan. June 20, 2024) (same); *see also, e.g.*, *Epson v. Astrue*, No. 08-2349-CM, 2008 WL 4083013, *1 (D. Kan. Aug. 29, 2008) (affirming a report and recommendation of denial of *IFP* status where the plaintiff's financial affidavit demonstrated a positive monthly income).

The Tenth Circuit has held that a magistrate judge does not have the authority under 28 U.S.C. § 636 to deny a plaintiff's application to proceed *IFP*. *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312-13 (10th Cir. 2005). The undersigned Magistrate Judge thus **RECOMMENDS** to the District Court that Plaintiff's motion to proceed *in forma pauperis* (Doc. 3) be **DENIED** and that Plaintiff be directed to pay the filing fee within thirty days of an order from the District Court if the Report and

Recommendation is adopted. The Magistrate Judge further **RECOMMENDS** that if Plaintiff does not pay the required filing fee within thirty days of any such District Court Order, this case be **DISMISSED without prejudice**.

## II. Request for Counsel (Doc. 4).

As an initial matter, the Court notes there is no constitutional right to have counsel appointed in civil cases such as this one. *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003). "[A] district court has discretion to request counsel to represent an indigent party in a civil case" pursuant to 28 U.S.C. § 1915(e)(1). *Commodity Futures Trading Comm'n v. Brockbank*, 316 F. App'x 707, 712 (10th Cir. 2008). The decision whether to appoint counsel "is left to the sound discretion of the district court." *Lyons v. Kyner*, 367 F. App'x 878, n.9 (10th Cir. 2010) (citation omitted).

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the *IFP* statute); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992). Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. *Castner*, 979 F.2d at 1421.

Under the first factor, the Court notes that it is recommending to the District Court that Plaintiff's application to proceed *in forma pauperis* be denied. (*See* Doc. 9.) This weighs against the appointment of counsel.

3

The second factor relates to Plaintiff's diligence in searching for counsel. Plaintiff must show that he "made a reasonably diligent effort under the circumstances to obtain an attorney." *Martinez v. Pickering*, No. 22-CV-4027-JWB-RES, 2022 WL 1604616, at *2 (D. Kan. May 20, 2022). Here, Plaintiff's motion adequately establishes that he made the requisite effort to obtain an attorney, but has not been able to secure representation. (*See generally* Doc. 4.) This factor weighs in favor of the appointment of counsel.

The next factor is the viability of Plaintiff's claims in federal court. *See McCarthy*, 753 F.2d at 838-39 (10th Cir. 1985); *Castner*, 979 F.2d at 1421. Based on the analysis in Section III, *infra*, the Court has serious concerns regarding the viability of Plaintiff's claims in federal court. Regardless of the potential viability of Plaintiff's claims, the final *Castner* factor will be determinative – Plaintiff's capacity to prepare and present their case without the aid of counsel. 979 F.2d at 1420-21. In considering this factor, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts. *Id.* at 1422.

In this regard, the Court finds that Plaintiff's case is not unusually complex in comparison to litigants who represent themselves *pro se* in federal cases on a regular basis. *See e.g. Cox v. LNU*, 924 F. Supp. 2d 1269 (D. Kan. 2013) (denying the appointment of counsel in a case alleging §1983 claims for violation of right to medical care as pretrial detainee under the 14th Amendment, deliberate indifference in rejecting a medical request, official custom or policy permitting denial of medical request, and related state tort claims); *McLain v. Sedgwick Co. Sheriff's Office*, No. 25-4036-JWB-BGS, 2025 WL 1696525, at *2-3 (D. Kan. June 17, 2025) (denying the appointment of counsel in a case wherein the *pro se* plaintiffs contend there were "complex federal civil rights claims involving multiple government entities, systematic violations of constitutional and statutory rights, and an alleged pattern of racketeering activity designed to suppress Plaintiffs' federally protected rights under the ADA and Fair Housing Act").

4

The Court understands Plaintiff believes he has meritorious claims and deserves an attorney to represent him. This, by itself, however, is not a basis for the Court to appoint an attorney. Merely alleging that counsel could assist in presenting the "strongest possible case" does not justify granting such a motion. *Lane v. Brewer*, No. 07-3225-JAR, 2008 WL 3271921, at *2 (D. Kan. Aug. 7, 2008). While the Court does not doubt that a trained attorney would handle the matter more effectively, the Court sees no basis to distinguish Plaintiff from the many other untrained individuals who represent themselves *pro se* on various types of claims in courts throughout the United States on any given day. In other words, although Plaintiff is not trained as an attorney, this alone also does not warrant appointment of counsel. As such, Plaintiff's Motion for Appointment of Counsel (Doc. 4) is **DENIED**.

### III. Sufficiency of Complaint.

#### A. Legal Standards.

When a Plaintiff proceeds *IFP*, the Court may screen the Complaint under 28 U.S.C. § 1915(e)(2). Pursuant to that section, a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." "When a plaintiff is proceeding *in forma pauperis*, a court has a duty to review the complaint to ensure a proper balance between these competing interests." *Mitchell v. Deseret Health Care Facility*, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013). The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." *Harris v. Campbell*, 804 F.Supp. 153, 155 (D.Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment). *Sua sponte* dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face. *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss. *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). In making this analysis, the Court will accept as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff. *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir.2006). The Court will also liberally construe the pleadings of a *pro se* plaintiff. *See Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir.1991).

This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff. *Hall*, 935 F.2d at 1110; *see also Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972). Liberally construing a *pro se* plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *Fisher v. Lynch*, 531 F. Supp.2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007), and *Hall*, 935 F.2d at 1110 (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved)). "In other words, plaintiff must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face." *Fisher*, 531 F. Supp.2d at 1260 (citing *Twombly*, 127 S.Ct. at 1974). Factual allegations in the complaint must be enough to raise a right to relief "above the speculative level." *Bemis*, 500 F.3d at 1218 (citing *Twombly*, 127 S.Ct. at 1965).

The Court's relaxed scrutiny of the *pro se* plaintiff's pleadings "does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110. "Conclusory statements unsupported by factual allegations are insufficient to state a claim, even for a *pro se* plaintiff." *Olson v. Carmack*, 641 Fed.Appx. 822, 825 (10th Cir. 2016). "This is so because a *pro se* plaintiff requires no special legal training to recount the facts surrounding his alleged injury … ." *Hall*, 935 F.2d at 1110.

While a complaint generally need not plead detailed facts, Fed.R.Civ.P. 8(a), it must give the defendant sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer. *Monroe v. Owens*, 38 Fed. Appx. 510, 515 (10th Cir. 2002) (citation omitted). Rule 8(a) requires three minimal pieces of information to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the court's jurisdiction depends; and (3) the relief requested. Fed. R. Civ. P. 8(a). After reviewing a plaintiff's Complaint and construing the allegations liberally, if the Court finds that he has failed to state a claim upon which relief may be granted, the Court is compelled to recommend that the action be dismissed.

**B.     Plaintiff's Allegations.**

In his Complaint, which Plaintiff drafted himself using the District's form "Complaint for Violation of Civil Rights," Plaintiff names the following individuals as Defendants: Judge Clark V. Owens, Lauryn Schooler (an attorney with Kansas Legal Services), Rhonda Sullivan (managing attorney with Kansas Legal Services), Sarah Foster (an attorney with the Hartenstein Poor & Foster law firm)[1], and Tonya Shultz (clerk for Sedgwick County District Court). All are marked in the Complaint as being sued in their official capacities. (*See generally*, Doc. 1.)

---

[1] Although Ms. Foster's address is listed at a private law firm, Plaintiff's Complaint states that she is "an officer of the court where these allegations took place and licensed to practice law in the State of Kansas." (Doc. 1, at 9.) The Complaint continues that Ms. Foster is "alleged to have co-conspired with individuals wielding State authority." (*Id.*)

The form Complaint indicates Plaintiff is suing "state or local officials" under 42 U.S.C. §1983 with certain constitutional and statutory rights allegedly having been violated. (Doc. 1, at 3.) The listed statutory rights are Title 18 U.S.C. §241, Title 18 U.S.C. §242, Title 18 U.S.C. §1113, Title 42 U.S.C. §1985, and Title 42 U.S.C. §1986. (*Id.*) The allegedly violated constitutional rights are the First, Second, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. (*Id.*)

To the extent Plaintiff alleges violations of 18 U.S.C. §§241, 242, and 1113, these are criminal statutes that allow no private civil cause of action. *LaHue v. Smith*, No. 23-2141-HLT-ADM, 2023 WL 5959832, *3 (D. Kan. Aug. 22, 2023) (citations omitted) (holding that civil claims based on criminal statutes such as under Title 18 were properly dismissed because they do not provide for a private cause of action). To the extent Plaintiff alleges claims under Title 42 U.S.C. §1985 and Title 42 U.S.C. §1986, the same are not independent bases for a claim under 42 U.S.C. §1983. Further, "there must be some 'racial, or perhaps otherwise class-based, invidiously discriminatory animus behind' " a §1985 claim. *Pueblo of Pojoaque v. New Mexico*, 214 F.Supp.3d 1028, 1076 (D. N.M. 2016) (citing *Kush v. Rutledge*, 460 U.S. 719, 724, 726, 103 S.Ct. 1483, 75 L.Ed.2d 413 (1983). Without a valid claim under §1985, Plaintiff's §1986 claim must also fail. *See Santistevan v. Loveridge*, 732 F.2d 116 (10th Cir. 1984) (affirming District Court dismissal of §1985 claim absent the necessary showing of racial or class-based discrimination and holding that "there can be no valid claim under §1986 … in the absence of [a valid claim] under §1985.").

As to each Defendant, Plaintiff generally contends:

> Clark V. Owens, District 18 Judge pro-term wields the power and authority granted by the State of Kansas to Conduct Hearings and Trials, Interpret the Law, Make Rulings, Manage Courtroom Proceedings and Issue Orders and Judgements. Clark Owens gave the

> impression of acting in the official capacity of his duties during the course of these allegations.[2]
>
> Lauryn Schooler is an officer of the court where these allegations took place and licensed to practice law in the State of Kansas. Ms. Schooler is alleged to have co-conspired with individuals wielding State authority.
>
> Rhonda Sullivan is an officer of the court where these allegations took place and licensed to practice law in the State of Kansas. Ms. Sullivan is alleged to have co-conspired with individuals wielding State authority.
>
> Sarah Foster is an officer of the court where these allegations took place and licensed to practice law in the State of Kansas. Ms. Foster is alleged to have co-conspired with individuals wielding State authority.
>
> Tonya Shultz is a District 18 Court Clerk and officer of the court in the County of Sedgwick, Kansas. Ms. Shultz gave the impression of acting in the official capacity of her duties during the course of these allegations.

(Doc. 1, at 9.)

Plaintiff's claims result from a petition for protection filed in Sedgwick County, Kansas District Court Kansas by Plaintiff's ex-boyfriend, Zheng Cao, on or about July 20, 2022. (*Id.*, at 10.) Plaintiff alleges that Defendants Lauryn Schooler and Rhonda Sullivan of Kansas Legal Services offered *pro bono* representation to Cao in that case and that their actions therein form the basis of Plaintiff's claims against them. (*Id.*, at 10-11.) Plaintiff contends Judge Owens' actions in presiding over that case violated his due process and/or other Constitutional rights. (*Id.*)

Plaintiff alleges that Defendant Foster was court-appointed to represent him in the case and that her actions therein – as well as her ultimate withdrawal of representation – ostensibly create a

---

[2] As discussed below, any claims or allegations relating to Defendant Owens acting in his capacity as a state court judge are barred by the relevant statute of limitations. *See* Section C., *infra*. To the extent the claims against Defendant Owens are not time barred, they would be barred by the doctrine of judicial immunity. "A state judge is absolutely immune from § 1983 liability except when the judge acts 'in the clear absence of all jurisdiction.'" *Helmers v. Journey*, 2025 WL 1430451, *3 (D. Kan. May 19, 2025) (quoting *Stump v. Sparkman*, 435 U.S. 349, 357, 98 S. Ct. 1099, 55 L.Ed.2d 331 (1978)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. at 356–57 (citation omitted).

basis for her culpability in this federal court case. (*Id.*, at 10-12.) As to Defendant Shultz, Plaintiff contends that, as a clerk for Sedgwick County District Court, she "interfere[ed] with the judicial process and den[ied him] due process under color of law." (*Id.*)

Plaintiff also alleges that as of August 10, 2025, he "is currently defending a malicious Prosecution" in Sedgwick County District Court "deriving from unknown allegations" made to law enforcement against him by all five named Defendants collectively. (*Id.*, at 12.) He contends that he is "currently unable to obtain an attorney due to conflicts arising from the social status of the defendants in Sedgwick County[,] Kansas." (*Id.*)

### C. Statute of Limitations Issues.

Plaintiff alleges 21 separate factual events supporting his claims. Of these 21 events, 19 occurred from April 5, 2022, through June 22, 2023. (*Id.*, at 10-12.) This raises serious concerns regarding the statute of limitations as to all but the final two alleged events which are alleged to have occurred in February and August 2025 (*id.*, at 10).

Because Plaintiff is attempting to bring a § 1983 claim, the statute of limitations is determined by the relevant state statute of limitations and tolling principles. *See Hardin v. Straub*, 490 U.S. 536, 539, 109 S. Ct. 1988, 2000, 104 L. Ed. 2d 582 (1989). "The forum state's statute of limitations for personal injury actions governs civil rights claims under both 42 U.S.C. § 1981 and § 1983. In Kansas, that is the two-year statute of limitations in K.S.A. § 60-513(a)." *Brown v. Unified School Dist. 501, Topeka Public Schools*, 465 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted). While state law governs the length of the limitations period and tolling issues, "the accrual date of a § 1983 cause of action is a question of federal law." *Wallace v. Kato*, 549 U.S. 384, 388, 127 S.Ct. 1091, 1095, 166 L. Ed. 2d 973 (2007). Under federal law, the claim accrues "when the plaintiff has 'a complete and present cause of action.'" *Id.* at 388, 127 S.Ct. at 1095. In other words, "[a] § 1983 action

10

'accrues when facts that would support a cause of action are or should be apparent.'" *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006).

As to the first 19 set of facts alleged by Plaintiff – which are alleged to have occurred from April 5, 2022, through June 22, 2023 (Doc. 1, at 10-12) – it is apparent to the Court that Plaintiff knew or should have known of these factual events as they happened or soon thereafter. As such, the relevant statute of limitations for the last of them expired on June 22, 2025. Plaintiff's Complaint was filed some six weeks later on August 11, 2025. (*See generally*, *id.*) Plaintiff provides no basis for the Court to toll the statute of limitations.

Therefore, the only events that are alleged to have occurred within the statute of limitations timeframe are the following:

> 20) On or about February 6, 2025[,] the defendant, Sarah Foster, files a petition for protection from stalking. Plaintiff was not given a complete copy of the allegations. Plaintiff appeared at the PFA hearing where Sarah Foster was granted a protection order denying the plaintiff's civil rights without due process.
>
> 21) On or about August 10, 2025[,] the plaintiff, Todd Ross Hyatt is currently defending a malicious prosecution in District 18 Courts under case SG2025CR000917 deriving from unknown allegations made against the plaintiff by Sarah Foster, Lauryn Schooler, Rhonda Sullivan, Tonya Shultz and Judge Clark V. Owens to law enforcement. The plaintiff is currently unable to obtain an attorney due to conflicts arising from the social status of the defendants in Sedgwick County Kansas.

(*Id.*, at 12.) The Court will address these allegations in turn. As discussed in Sections D. and E, *infra*, the Court **recommends dismissal** as to any and all claims under 42 U.S.C. § 1983 arising out of these allegations.

### D. Protection from Stalking Petition.

The first of Plaintiff's two factual allegations that are not barred by the statute of limitations is the February 6, 2025, protection from stalking petition Sarah Foster allegedly filed against

Plaintiff. (*Id.*, at 12.) As indicated above, Plaintiff contends that Ms. Foster was "granted a protection order denying the plaintiff's civil rights without due process." This allegation fails to state a claim upon which relief may be granted for at least two reasons. First of all, even assuming that granting the petition violated Plaintiff's "civil rights without due process," Ms. Foster was not the individual who <u>granted</u> the petition. She cannot be held accountable for any alleged violations stemming from the fact that the petition was granted.

Second, there is no indication that, in bringing a petition for protection from stalking, Ms. Foster was a state actor or, in seeking protection from stalking, that she was acting under color of state law in violation of 42 U.S.C. § 1983. In filing this petition, Ms. Foster was clearly acting as a private citizen seeking protection. *Cf. Lane v. Johnson*, 385 F.Supp.2d 1146, 1151 (D. Kan. 2005) (holding that " 'an individual does not act under color of law merely by reporting an alleged crime to police officers who take action thereon' ") (citing *Jones v. Wal–Mart Stores, Inc.*, 33 F.3d 62, 1994 WL 387887, at *3 (10th Cir.1994) (citation omitted)). As such, this cannot serve as the basis for a § 1983 claim.

### E. Malicious Prosecution.

The remaining factual allegation contained in Plaintiff's Complaint is that as of August 10, 2025, he has been defending what he considers to be a "malicious prosecution" in Sedgwick County, Kansas District Criminal Court, Case No. SG2025CR000917. (*Id.*, at 12.) Plaintiff asserts that all five Defendants made "unknown allegations" against him to law enforcement. He also blames the "social status" of the five Defendants herein for his inability to obtain an attorney.

The Court has reviewed Sedgwick County District Court Case No. SG-2025-CR-000917, originally filed on May 13, 2025. The Amended Complaint/Information, filed on June 26, 2025, lists Todd R. Hyatt as the criminal defendant and charges him with unlawfully using a telecommunications device to transmit an obscene video. Based on the Court's review of the

12

subject state court criminal charges, there is no connection whatsoever linking three of the Defendants – Rhonda Sullivan, Tonya Shultz and Judge Clark V. Owens – to these charges.[3]

The public records do not indicate who made these allegations against Plaintiff, although Lauryn Schooler and Sarah Foster, Defendants herein, are listed on the State's witness list. Even so, Plaintiff admits that any such allegations made to law enforcement by these five Defendants are "unknown" to him.

Simply stated, this is insufficient to state a viable cause of action in federal court. Plaintiff is required to support his claim with more that conclusory, self-serving allegations. *Olson*, 641 Fed.Appx. at 825 (holding that "[c]onclusory statements unsupported by factual allegations are insufficient to state a claim, even for a *pro se* plaintiff."). "Plaintiff's vague and conclusory statements that Defendants violated [his] constitutional rights" by making the allegedly "unknown allegations" against him, "fail to state a claim for relief." *Canfield v. Wright*, 2024 WL 3416098, *3 (D. Kan. Jan. 18, 2024) (citing *Olson*, 2015 WL 6871557, at *2, *aff'd*, 641 F. App'x 822 (10th Cir. 2016) and *Queen v. Kelly*, No. 21-CV-2229-JAR-TJJ, 2021 WL 2935897, at *2 (D. Kan. July 13, 2021) (" 'Nevertheless, conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.'" (quoting *Hall*, 935 F.2d at 1110)).

Further, even assuming for the sake of this Recommendation that the five named Defendants made "allegations" against Plaintiff to law enforcement and that these allegations resulted in the criminal charges contained in Sedgwick County District Court Case No. SG-2025-CR-000917, there is no indication that Defendants were acting under color of state law in violation of 42 U.S.C. § 1983. In making criminal allegations to law enforcement authorities regarding the sending or receipt of an obscene video, Defendants would have been acting as private citizens.

---

[3] The Court notes that there is no indication that Judge Owens is presiding over that criminal case.

*Lane*, 385 F.Supp.2d at 1151. As such, this factual allegation cannot serve as the basis for a § 1983 claim.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for the appointment of counsel (Doc. 4) is **DENIED**.

**IT IS THEREFORE RECOMMENDED** to the District Court that Plaintiff's application for *IFP* status (Doc. 3) be **DENIED**.

**IT IS FURTHER RECOMMENDED** to the District Court that Plaintiff's Complaint (Doc. 1) be **DISMISSED** as he failed to state a claim upon which relief may be granted. <u>The Clerk's office shall not proceed to issue summons in this case at this time</u>.

IT IS ORDERED that a copy of the recommendation shall be sent to Plaintiff via certified mail. Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and D. Kan. Rule 72.1.4, Plaintiff shall have fourteen (14) days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, any written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. Plaintiff's failure to file such written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

IT IS SO ORDERED AND RECOMMENDED.

Dated August 20, 2025, at Wichita, Kansas.

/s/ Brooks G. Severson
Brooks G. Severson
United States Magistrate Judge